# SOLOTOFF LAW GROUP
ATTORNEYS AT LAW

Darryn G. Solotoff
25 Melville Park Road, Suite 108
Melville, New York 11747
T 516.317.2453 | DS@lawsolo.net

July 15, 2022

**VIA ECF**

The Honorable Katherine Polk Failla
United States District Court Judge
United States District Court
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007



      ***Re:***   *Henry Tucker v. Ulta Beauty, Inc.,*
            <u>Case No.: 1:19-cv-9845 **(KPF) Decision in Consolidated Appeal**</u>

Dear Judge Failla:

      We represent Plaintiff Henry Tucker ("Plaintiff") in the above-referenced matter. Pursuant to the Court's order we write jointly with counsel for Defendant Ulta Beauty, Inc ("Defendant") to inform the Court that on June 2, 2022, the Second Circuit issued a decision in the appeals consolidated under the caption *Calcano v. Swarovski North America Limited, et al*., Case No. 20-1552. The majority affirmed the dismissals on the ground that the consolidated *Calcano* plaintiffs lacked Article III standing to pursue their claims under Title III of the Americans with Disabilities Act ("Title III") and these plaintiffs had declined to amend their complaints when given the opportunity to do so at the District Court. Judge Lohier concurred on the grounds that he would have affirmed the dismissals because the consolidated plaintiffs failed to state a claim for relief under Title III[1]. However, Judge Lohier disagreed with the majority, expressing his opinion that three of the four consolidated plaintiffs alleged Article III standing.

      **Plaintiff's position:** Plaintiffs respectfully request that they be permitted to file an Amended Complaint within 30 days from the date of this letter, which would add the factual representations that would comport with the requirements of standing expressed in the majority opinion. It should be noted that the majority opinion did not address the merits of the case beyond standing, and once remedied, the Plaintiffs believe that they will be successful on the merits of the case. The Concurring Opinion agrees with the Plaintiff's position that gift cards are not merely "goods" but also constitute a "service" and fall within the ambit of Title III protections. The filing of an Amended Complaint would not be prejudicial to Defendant and would avoid the drastic remedy sought by Defendant.

---

[1] Both the majority decision and concurring opinion found that the District Courts properly decided not to exercise supplemental jurisdiction over the Plaintiffs-Appellants' state and local public accessibility law claims.

# SOLOTOFF LAW GROUP
ATTORNEYS AT LAW

Darryn G. Solotoff
25 Melville Park Road, Suite 108
Melville, New York 11747
T 516.317.2453 | DS@lawsolo.net

---

**Defendant's position:** Plaintiff's request for an opportunity to file "an Amended Complaint"[2] disregards that Defendant's pending motion to dismiss is based both on standing and the merits of Plaintiff's claims. (Dkt Nos. 41, 42.) While the *Calcano* majority did not reach the merits, the concurring opinion held that the claims in the consolidated appeals, identical to the claims here, failed to state a claim for relief. The Eastern District of New York agreed in the twenty gift card cases pending before it. *In re Gift Card Cases*, Case No. 2:19-cv-06030-GRB-JMW (E.D.N.Y), (*See* attached June 3, 2022 Order.) [3] Thus, the standing issue that Plaintiff hopes to address with a Second Amended Complaint need not be reached to grant (or deny) the pending motions.

Plaintiffs and their counsel appear to agree, having now abandoned the pending Second Circuit appeals on that challenged dismissals on the merits, like the one sought here by Defendant. As noted in the attached Order of the Second Circuit, eleven appeals were stayed in 2020 pending the determination in *Calcano*, including from motions to dismiss based strictly on the merits. (*See* attached June 29, 2022 Order.) The various plaintiffs in the stayed appeals were ordered to inform the Second Circuit by July 13, 2022 of their intention to pursue those appeals. (*Id.*) On July 13, the consolidated plaintiffs, represented by the same lawyers representing Mr. Dominguez here, told the Second Circuit that they were abandoning those appeals. (*See* attached July 13, 2022 Letter.) The consolidated plaintiffs' failure to pursue those appeals reflects their view and the view of their counsel that the concurring opinion in *Calcano* (and in the twenty cases pending in the Eastern District of New York) was correct and that Plaintiff's claim fails to state a claim for relief. Thus, this Court can and should resolve the pending motion without necessarily reaching the standing issue.

Moreover, Defendant respectfully submits that Plaintiff's application to amend the complaint for a second time must be denied as an exercise in futility. The pending motion to dismiss was nearly fully-briefed at the time of the stay, awaiting only Defendant's reply brief before submission. This Court's ruling on the pending motion can certainly account for the standing ruling in *Calcano* while reaching the merits arguments made on the motion. A Second Amended Complaint may be completely unnecessary if *either* the Court grants the motion on the merits or finds that Plaintiff has standing under *Calcano*. Delaying the ruling on the motion for a theoretical need to amend the Complaint makes no sense at this stage. Moreover, and despite Plaintiff's assertions to the contrary, Plaintiff's anticipated Second Amended Complaint would cause undue prejudice to Defendant and reflects undue delay.[4] Importantly, a delay may become

---

[2] Plaintiff fails to mention that the requested "Amended Complaint" would be a Second Amended Complaint, or Plaintiff's third attempt to state a claim in this action.

[3] On June 3, 2022, in the wake of the *Calcano* decision, the Honorable Gary R. Brown, dismissed with prejudice the twenty Eastern District of New York gift card cases consolidated under

[4] Notably, Plaintiff filed his First Amended Complaint more than a month after the Court's deadline. (Dkt. No. 38 ("The Court is thus understandably disappointed to see Plaintiff file a First

# SOLOTOFF LAW GROUP
ATTORNEYS AT LAW

**Darryn G. Solotoff**
25 Melville Park Road, Suite 108
Melville, New York 11747
T 516.317.2453 | DS@lawsolo.net

---

"undue" when the movant has had several prior opportunities to amend. *See Rolo v. City Investing Co. Liquidating Trust*, 115 F.3d 644, 654-55 (3d Cir. 1998) (rejecting the plaintiffs' proposed Second Amended Complaint on grounds that the plaintiffs pled allegations that could have and should have been asserted earlier). Accepting Plaintiff's amendment at this stage would force Defendant to prepare *a third motion to dismiss* in this action, with the prior two superseded by Plaintiff's untimely amendment of the Complaints to which those motions were directed. Dismissal with prejudice is warranted and Plaintiff should not be given a third bite at the apple. *See Steadman v. Mayo*, No. 09 CIV. 5154 DAB MHD, 2012 WL 1948804, at *6 (S.D.N.Y. Mar. 27, 2012), *report and recommendation adopted*, No. 09 CIV. 5154 DAB MHD, 2012 WL 1948862 (S.D.N.Y. May 30, 2012) (citing *Posner v. Coopers & Lybrand,* 92 F.R.D. 765, 770 (S.D.N.Y.1981) ("The Court is not prepared to have a third-go around.")).

We sincerely thank Your Honor and this Court for its time and attention to this matter.

Respectfully submitted,

/s/Darryn G. Solotoff.
Solotoff Law Group
25 Melville Park Road, Suite 108
Melville, New York 11747
Phone: (516) 317.2453
Fax: (516) 432-4897
DS@lawsolo.net

*Attorneys for Plaintiffs*


/s/ David Raizman
David Raizman (admitted *pro hac vice*)
Jamie Haar
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
599 Lexington Avenue, 17th Floor
New York, New York 10022
Telephone:  212-492-2070
david.raizman@ogletree.com
jamie.haar@ogletree.com

*Attorneys for Defendant*

---

Amended Complaint on March 19, 2020, after Defendant's opening brief and more than a month after the deadline that the Court set at Plaintiff's counsel's suggestion.").)

Plaintiff's application is GRANTED and Defendant's application is DENIED.  The Motion to Dismiss the First Amended Complaint (Dkt. #41) is DENIED as moot in light of the Court's decision to grant Plaintiff leave to file an amended complaint.

Plaintiff is directed to file an amended complaint by August 18, 2022. Within three weeks of the filing of the amended complaint, Defendant is directed to answer the complaint or propose a schedule for motion to dismiss briefing.

The Clerk of Court is directed to terminate the pending motion at docket entry 41.

Dated:     July 18, 2022                SO ORDERED.
           New York, New York

                                        HON. KATHERINE POLK FAILLA
                                        UNITED STATES DISTRICT JUDGE